Catron, Ch. J.
delivered the opinion of the court.
At the August term, 1832, of the Franldin county court, it was ordered, “that Abraham Vanzant be summoned to appear on Monday next, to show cause why he should not be removed as guardian for Edmund and James Vanzant, infant children of Jacob Vanzant, dec’d. and that he bring with him the infant children aforesaid.”
This order was placed in the sheriff’s hands the same day it was issued, and was executed by him on Abraham Vanzant, on the 3d of September, 1832.
' The next step taken in the matter appears from an order made on the 3d of December, 1832, which is as follows: “Jesse Gwin, next friend, &c. vs. Abraham Vanzant. This day came the plaintiff, by his attorney, and moved the court that Edmund and James Vanzant, minor heirs of Jacob Vanzant, deceased, be surrendered by the defendant to Sarah Campbell, the mother of said *144 minor heirs,” &c. This was accordingly ordered by the court, and Mrs. Campbell was appointed guardian. But it does not appear that Abraham Vanzant was in court. On the 4th December, 1832, he appeared in court.and appealed from the order.
In the circuit court, the defendant Vanzant moved to quash the proceedings, which were, by the order and judgment of said court, quashed; from which judgment an appeal in the nature of-a writ of error was prosecuted to this court, by Gwin, next friend, &c.
It is insisted that the circuit court correctly quashed the order of removal, because the reason why the county-court removed Vanzant fdrom the guardianship does not appear on the face of the order. The judgment of removal need only be general, the county court being a court of general jurisdiction in this respect. Mar. and Yerg. Rep. 176. But the defendants generally, in a summary proceeding of this kind, must have legal notice to appear and defend, so that if they be injured they may show the facts, by having them set forth in a bill of exceptions, or that they may defend themselves and appeal if they be dissatisfied. The danger lies not in general orders of removal, if there be notice. The court is presumed to have adjudged correctly, if the party removed is in court; but in this respect the court cannot presume in favor of the proceedings if the order of the removal be gener.al. What is said in the opinion of Catron, J. in Fields against The State, (Martin and Yerger, 176) applies to this description of cases. That was the case of a removed constable. It is there held, “that the judgment of removal need only be general; if the de. fendant be dissatisfied therewith, he may appeal and have the matter re-tried in the circuit court; or he may file his bill of exceptions, set forth the evidence upon which the judgment was given, and prosecute a writ of error.” Phil. Ev. 233: Bul. N. P. 516. That this is the correct and uniform practice in entering up judgments *145 in courts of law in cases of contempt, and others of a similar nature; and within this class the case falls. Queen vs. Patty, 2 Ld. Ray. 1108: 2 Atk. 489: Yeates’ case, 4 Johns. Rep. 367.
When the defendant appears, the court has jurisdiction of his person; and having jurisdiction of the person and subject matter, we are bound to presume they acted correctly, and that the proceedings are according to law, unless the contrary appears. 2 Hawk, ch. 15, sec. 73 and 76: Yeates’ case, 4 Johns. Rep. 366.
The order being general, and the circuit court not.being enabled to presume that Vanzant was in the county court, does the fact appear of record? He was summoned to appear in court and show cause on the first Monday of September, 1832. No step was then taken. Of course the notice expired, and Vanzant stood as if no exception had been taken to him as guardian. At December term, three months after, he was removed, and another guardian appointed. The order was general.
We will not say from the 9th section of the act of 1762, a guardian cannot be removed for good cause in his absence, and without notice. He may have removed or absconded, so that he cannot be notified. The act does not require notice; but in such cases the record of removal must specially show the grounds of removal, so that the guardian may contest the validity of the act. Nothing can be presumed in favor of a general order, where there is no notice.
It is insisted Vanzant prosecuted a broad appeal and was bound in the circuit court to try the merits. We think an appeal in such a case as the present, where the court alone are to act, takes up the whole cause, and it may be proceeded in above as if it had been a writ of error to reverse a void order.
The judgment quashing the proceedings must be affirmed.
Judgment affirmed.